**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**ROBERT REPOSA,**

       **Plaintiff,**

**v.**                                **CIVIL ACTION  NO.: _____**

**BOAR'S HEAD PROVISIONS CO., INC.,**

       **Defendant.**

## COMPLAINT

Plaintiff, by counsel, hereby moves this Court for judgment and execution against the Defendant as follows:

1.      Plaintiff, Robert Reposa, is, and at all relevant times has been, a resident of the Commonwealth of Virginia.

2.      At all relevant times, the Plaintiff has resided in Smithfield, Virginia, which is in the Eastern District of Virginia and specifically in the Norfolk Division.

3.      The Defendant, Boar's Head Provisions Co., Inc. (hereinafter "Boar's Head"), is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Florida with its principal place of business within the State of Florida, but which transacts considerable business within the State of Virginia and, more specifically, within the Norfolk Division of the Eastern District.

4.      Jurisdiction is appropriate in this court pursuant to 28 USC §1332(a) in that the matter in controversy exceeds $75,000, exclusive of interest and costs, and this action is one between citizens of different states.

5.     Venue is appropriate in this court pursuant to 28 USC §1391 in that this is the district in which this claim arose.

6.     On or about the last few days of July 2024, the Plaintiff purchased Boar's Head meat products from a Kroger located in Smithfield, Virginia.

7.     On or about July 19, 2024, the United States Food and Drug Administration (FDA) announced that there was an investigation into a multi-state outbreak of confirmed cases of Listeria.

8.     Ultimately the Center for Disease Control (CDC) identified the Defendant, Boar's Head, and its products as a source of the Listeria outbreak.

9.     Later, the Boar's Head facility located in Jarratt, Virginia, was identified as a more particular source of the contamination and outbreak.

10.     Upon information and belief, the Defendant's facilities have been cited numerous times for non-compliance of food safety requirements.

11.     The Defendant, Boar's Head, has an obligation to prepare its food products in a safe manner so as to do everything possible to avoid any food contamination.

12.     The Defendant warrants that its food products are safe and are fit for the usual and ordinary purpose (specifically eating) for which they are marketed.

13.     As is evidenced by the numerous violations by the Defendant of its food safety requirements, specifically at the Jarratt, Virginia, facility, but also at others, the Defendant negligently and grossly negligently failed to maintain safe practices in preparing its products.

14.     The Defendant certainly knew of the unsanitary practices that were present at its facilities as it was preparing food for consumption.

15.     Notwithstanding said knowledge, the Defendant, through its employees, simply continued to put food products into the chain of commerce to be purchased by consumers.

16.     Ultimately, Plaintiff purchased such a product and became frighteningly ill with Listeria, which resulted in his hospitalization and the resulting problems which flowed therefrom.

17.     Specifically, on August 8, 2024, Plaintiff presented to a Velocity Urgent Care with complaints of severe stomach pain, vomiting, fever, chills, and extreme diarrhea. At that time, he was unaware of his exposure to Listeria.

18.     After not recovering, Plaintiff then presented himself to Sentara Norfolk General Hospital on August 13, 2024, with the same complaints, still not knowing that he had been exposed to Listeria.  He was subsequently  transferred to Sentara Heart Hospital on August 16, 2024.

19.     Ultimately, it was determined that not only was he exposed to the bacteria, but he did, in fact, have Listeria.

20.     Because of his previous heart issues, his exposure to Listeria was extraordinarily dangerous and resulted in his hospitalization of 14 days.  Plaintiff continues to suffer to this day and likely has suffered permanent damage as a result of this exposure.

### COUNT I

21.     Plaintiff adopts and realleges all the preceding paragraphs as if repeated herein.

22.     At all times, the Defendant was in the business of producing, manufacturing, marketing, supplying, and selling food to the public.

23.     As set out above, there was a manufacturing defect when the product left the Defendant's possession and control and the product itself was defective in that it contained

Listeria.

24. The presence of Listeria made the product unreasonably dangerous.

25. The Defendant failed to take precautions to prevent the Listeria and failed to give adequate warnings of its products dangers.

26. The product left the Defendant's facility and was purchased by the Plaintiff without a substantial change in its condition.

27. The product was unreasonably dangerous at the time it was manufactured and distributed in that among other things:

> a. The product was produced in an environment which was adulterated as was evidenced by numerous deficiencies noted in the Defendant's facilities;
>
> b. The food product was contaminated with Listeria, and
>
> c. There were no warnings provided with the food product.

28. As a result of the Defendant's conduct as set out above, the defective food product was put into the chain of commerce and ultimately purchased and eaten by the Plaintiff.

29. As a direct result of the Defendant's conduct and the subsequent purchasing and eating of the product, the Plaintiff became very ill, which required his hospitalization.

30. The Defendant's conduct as set out above was both negligent, negligent per se, and a violation of its duties and obligations to the Plaintiff and others.

31. As a direct result of the Defendant's conduct, the Plaintiff suffered a significant and likely permanent injury and will continue to suffer into the future.

32. As a result of the Plaintiff's injuries, he has incurred substantial medical bills, suffered great pain, mental anguish, and inconvenience, has been unable to carry on his normal

day-to-day affairs or work at his calling, and has incurred and will incur and suffer all of the above well into the future.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendant in the amount of FOUR MILLION SIX HUNDRED FIFTY EIGHT THOUSAND FIVE HUNDRED THIRTY SEVEN AND 87/100 DOLLARS ($4,658,537.87).

**COUNT II**

33.     The Plaintiff adopts and realleges all the preceding paragraphs as if repeated herein.

34.     As set out above, the Defendant, through governmental inspections, was well aware that its facilities were not sanitary and that it was exposing both the Plaintiff and other consumers to a substantial risk by and through the way it was manufacturing and producing its food products.

35.     Notwithstanding said knowledge, the Defendant failed to take the steps necessary to have a clean, safe facility where the food products were produced.

36.     The Defendant knew that by failing to remedy the defects in its manufacturing facility it was putting the Plaintiff and others at a substantial risk.

37.     The Defendant's conduct in failing to rectify the situation was willful, wanton, and in reckless disregard to the rights of the Plaintiff and others.

WHEREFORE, the Plaintiff prays for judgment and execution against the Defendant in the amount of  FORTY THREE MILLION FIVE HUNDRED EIGHTY SEVEN THOUSAND AND NO/100 DOLLARS ($43,587,000.00) punitive damages.

In addition to all the above, the Plaintiff prays for pre and post-judgment interest, plus all

of his costs in proceeding with this matter.

      Plaintiff requests a trial by jury.

**ROBERT REPOSA**

By_____

Of Counsel

Robert J. Haddad, Esq. (VSB No. 22298)
**RULOFF, SWAIN, HADDAD, MORECOCK,**
  **TALBERT & WOODWARD, P.C.**
317 30th Street
Virginia Beach, VA 23451
P: (757)671-6000
F: (757)671-6004
rhaddad@srgslaw.com